*152 Curia, per
Earle, J.
The present motion is to set aside this verdict and grant a new trial, because the damages are excessive in amount, and arbitrary, as not being formed on any just principle or standard, and not sustained by any sufficient proof. The power of this court to grant a new trial in such *153 bases is unquestionable, and has been occasionally, though rarely,, exercised. Where there has been ho misdirection in point of law, such a power should be exercised with great caution, and only in very flagrant cases, else in the process of time, the judgment and opinion of this court will come to overrule and supercede the judgement and opinion of the jury, on questions of fact, of which they are the constitutional and proper judges.- As a general rule, in cases of tort, excess-of damages is never a giound for setting aside a verdict; though a case now and then has occurred, where the damages have been so extravagant as to produce a conviction of undue partiality or prejudice. In actions on contracts, there is, in all cases, a just and proper standard by which the damages should be assessed ; and when it is obvious that the jury have *154 mistaken, or disregarded that standard, and have given damages for an injury which has not been sustained, or have given compensation in damages extravagantly beyond the injury proved, there is then fair ground for the interposition of the Court. Is the case before us one of that description 1
In the first place, there was no misconduct on the part of the circuit court. The jury, fully and properly instructed, (for there is no exception taken on that ground,) have found an amount of damages beyond what the court expected. It is clear that they did not mistake the standard of damages laid down by the court; is it clear that they have wholly disregarded it, or that they have done more than a just latitude of discretion would allow them, in exercising their own judgment, as to the price or value of the bread in market, at the time the defendants finally refused to take it 1
There is no doubt, in fact, that the plaintiff has sustained damages beyond the verdict; that he has sustained them without actual fault on his part, and in consequence of the defendant’s breach of their agreement; a breach accompanied with striking circumstances of mala jides. Now, in as-sumpsit, it is true, the plaintiff cannot recover for ideal, nor speculative, nor in general,perhaps, for consequential damages. But he may recover, and ought to recover, the actual damages he did sustain, if they were the natural or probable result of the defendants’s breach. The whole of the bread ordered by the defendants has been lost to the plaintiff; and it is objected that they ought not to pay for it, because the plaintiff ought to have sold it; that he might have sold it at an inconsiderable loss, and that they should not suffer for his default, or for his ignorance of his rights. This is true, and we should have been better satisfied if the jury had estimated the bread at a higher price than they have done. But on that point there was conflicting testimony. Mr. Forgeaud, another baker, whom the defendants had deceived with the samo bad faith, shipped and sold instantly, on their first *155 refusal. They said to the plaintiff, we may perhaps take the bread at the end of the month. He waited, and they again refused. But warm weather came on, and the bread being in barrels, soon became injured. If the plaintiff had shipped to Key West when Forgeaud did, the market there might have been glutted and neither could have sold. Had he offered 417 bbls. for sale in Charleston, in the spring, at auction, the evidence was, that it would have brought only a very reduced price, and this was in consequence of the large quantity ordered by the defendants, and also in consequence of a ship arriving from abroad with'the same article. With full and specific instructions that the plaintiff was entitled to recover the difference between the price agreed to be paid and that which the article would have brought in market, allowing a reasonable time to make the sale, the jury have estimated that the bread would have probably brought at auction about two cents per pound, and have found, for the plaintiff, the balance. A majority of the court, upon full and mature consideration, do not perceive in this verdict, that violation of truth and justice, or that departure from the standard laid down to them, or that disregard of the evidence, which would lead to the belief that it was the result of undue partiality, or prejudice, or of any other improper bias.
There is one feature of this case, which appeared in the last trial, that presents it in a new aspect. The defendants were receiving bread from plaintiff at the time this was ordered, under a previous order for an indefinite quantity. That contract was still open, and the order not filled. Pending this, the defendants say to the plaintiff, “go on and bake as fast as possible, until you are ordered to stop.” They gave no order to stop, but afterwards received bread and paid for it. I think on that proof there is great reason to consider the whole as one continuing contract, and that a delivery of part was in law a sufficient delivery of the whole to make the defendants liable. Whatever weight there may be in this *156 view of the case, it is now of no other importance than to reconcile me the more to the result of the action, which we feel bound to render final.
Hunt for the motion.
Motion dismissed;
Gantt, Evans and O’Neall, JJ. concurring.